IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-HC-2292-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EDGAR JOE SEARCY, | ) | |
| | ) | |
| Respondent. | ) | |

This case, brought under 18 U.S.C. § 4248 ("§ 4248"), came before the court on 24 February 2016 for a hearing (*see* D.E. 32) on respondent's pro se motion (D.E. 21) and supplemental[1] motion (D.E. 26) to proceed without representation filed on 27 January 2016 and 8 February 2016, respectively (collectively, "motion to proceed pro se"). He is currently represented by Leza Lee Driscoll. Also before the court are respondent's pro se motion to consolidate cases (D.E. 27) and pro se motion for change of venue (D.E. 30).

**BACKGROUND**

The government commenced this proceeding on 4 December 2015. (*See* D.E. 1). Discovery is scheduled to be completed on 23 March 2015 (D.E. 5), and the parties have proposed dates in June and August 2016 for the commitment hearing (D.E. 29). In his motion to proceed pro se, respondent states that Ms. Driscoll is not pursuing certain defenses he wants to raise and that she is not seeking his approval regarding the content of filings made in the case. (D.E. 21 at 1). He additionally explained at the hearing that he wants to pursue several legal issues that he

---

[1] While this filing is titled as an "amended" motion, it does not include all of the arguments and other information contained in the original motion nor does it appear that respondent intended it to supersede his original motion. Accordingly, the court will treat this document as supplementing the original motion.

believes Ms. Driscoll will be unable to pursue in a timely manner and that he wants to preserve for appeal.

Respondent further requests the appointment of his current counsel as standby counsel. At the hearing, Ms. Driscoll represented that she was amenable to such appointment. Respondent also affirmatively represented that he had no interest in appointment of substitute counsel in lieu of proceeding pro se. In its response (D.E. 31), the government represented that it took no position on the motions. (Resp. 1).

**DISCUSSION**

On a motion to proceed pro se in a criminal case, the court must determine, in addition to whether the defendant is competent to waive his right to counsel, whether the waiver is clear and unequivocal, and not simply a manipulative procedural ploy; is knowing, intelligent, and voluntary; and is timely. *See United States v. Bush*, 404 F.3d 263, 271 (4th Cir. 2005); *see also United States v. Frazier-El*, 204 F.3d 553, 560 (4th Cir. 2000) ("A trial court must be permitted to distinguish between a manipulative effort to present particular arguments and a sincere desire to dispense with the benefits of counsel."). It is appropriate to apply this standard in the instant § 4248 case notwithstanding its civil nature because of, among other considerations, the liberty interest at stake for respondent. *See Addington v. Texas*, 441 U.S. 418, 425 (1979) ("[The Supreme] Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.").

"The Sixth Amendment does not require a court to grant advisory counsel to a criminal defendant who chooses to exercise his right to self-representation by proceeding *pro se*." *United States v. Lawrence*, 161 F.3d 250, 253 (4th Cir. 1998) (citing *United States v. Singleton,* 107 F.3d 1091, 1100 (4th Cir. 1997)). Additionally, the district court has "broad discretion to guide what,

if any, assistance standby, or advisory, counsel may provide to a defendant conducting his own defense." *Id*. (citing *Singleton,* 107 F.3d at 1103).

Here, to enable the court to make the appropriate determinations, it questioned respondent under oath at length at the hearing. The court also warned respondent of the dangers of self-representation, including those particular to § 4248 cases. *See United States v. Parker*, No. 12-4886, 2014 WL 2699735, at * 5 (4th Cir. 16 June 2014) ("[W]hile a trial court must determine if a waiver of counsel is knowing and intelligent, no particular interrogation of the defendant is required, so long as the court warns the defendant of the dangers of self-representation."). In addition, the court questioned Ms. Driscoll and heard comments from counsel for the government.

The court concludes that respondent's motion to proceed pro se is timely in that it was filed less than two months after commencement of this action and the date for the commitment hearing has not been determined. *See Bush*, 404 F.3d at 271. Further, based on its extensive questioning of respondent and Ms. Driscoll at the hearing and its consideration of other relevant portions of the record, the court concludes that respondent is competent to waive his right to counsel and that his waiver is clear and unequivocal, and knowing, intelligent, and voluntary. *See id*. Respondent's overriding objective in seeking pro se status is to obtain the greater degree of control over his defense that it would afford him. As part of such control, he does seek to present arguments that have not heretofore been presented on his behalf. As far as the court is able to determine, respondent's determination to present such contentions is based on his sincere belief in their merit and is not a manipulative procedural ploy.

The court further concludes that it is appropriate in this case, especially in light of the complexity of § 4248 cases, to appoint Ms. Driscoll as standby counsel. Respondent indicated that although he believes that he will be unable to pursue all of the issues that are important to him

3

unless he is able to represent himself, he respected Ms. Driscoll and stated that she is one of the best attorneys he has ever met. Ms. Driscoll shall prepare sufficiently to be able to take on the role of counsel for respondent, including but not limited to representing respondent at the commitment hearing on respondent's behalf without delay should the need arise. Otherwise, Ms. Driscoll is to provide assistance to respondent, to the extent ethically permissible, only when requested by him. Further, due to the circumstances of this case, including the compressed schedule for § 4248 proceedings, the court agrees with respondent's contention that he needs the ability to communicate with Ms. Driscoll in a more timely manner than is possible through U.S. mail. Accordingly, Ms. Driscoll shall assist respondent in requesting, through any applicable administrative process, that he be permitted to communicate with her by telephone, email, or both at no cost to him. Notwithstanding the foregoing, the presiding district judge shall determine the nature, manner, and extent of any assistance that Ms. Driscoll is permitted to provide respondent at the commitment hearing and any other hearings before her.

Further, to help respondent ensure that he does not file frivolous motions or other frivolous papers and suffer the consequences of doing so, the court strongly encourages him to confer with his standby counsel regarding any and all filings before making them. Such conferral should include specifically whether the filing conforms to the requirements of Federal Rule of Civil Procedure 11(b), which are set out in the footnote below.[2] Rule 11 expressly authorizes the

---

[2] Rule 11(b) provides, in its entirety, as follows:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

imposition of sanctions for violation of these requirements, which are in addition to other sources authorizing the court to impose sanctions on a party for filing frivolous motions and other papers. As explained to respondent at the hearing, potential sanctions against him for making frivolous filings would include revocation of his pro se status.

Finally, the court turns to the government's request that it be relieved of its purported obligation[3] to respond to motions filed by respondent that it deems frivolous unless ordered to do so by the court. (Resp. 22-23). As clarified at the hearing, the government proposes that if it deems a motion by respondent to be frivolous, it be permitted to file a notice to that effect in lieu of a response memorandum in the form prescribed by Local Civil Rule 7.2(a), E.D.N.C.,[4] subject to the court's ordering a response memorandum after its review of the motion.

---

(2)     the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)     the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)     the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

[3] The Local Civil Rules do not, in fact, obligate a party to respond to a motion, but instead provide it the option to file a response or not. *See* Local Civ. R. 7.1(e), E.D.N.C. ("Any party *may* file a written response to any motion." (emphasis added)).

[4] Local Civil Rule 7.2(a) provides:

A memorandum in support of or in opposition to a motion shall comply with Local Civil Rule 10.1 and shall contain:
(1) a concise summary of the nature of the case;
(2) a concise statement of the facts that pertain to the matter before the court for ruling;
(3) the argument (brevity is expected) relating to the matter before the court for ruling with appropriate citations in accordance with Local Civil Rules 7.2(b), (c) and (d); and
(4) copies of any decisions in cases cited as required by Local Civil Rules 7.2(c) and (d).

Local Civ. R. 7.2(a), E.D.N.C.; *see also* Local Civ. R. 7.1(e), E.D.N.C. ("A response [to a motion] shall be in the form of a memorandum in the manner prescribed by Local Civil Rule 7.2(a), and may be accompanied by, without limitation, affidavits and other supporting documents.").

5

While the court is sympathetic to the burdens that frivolous filings by a party can impose on opposing parties as well as the court, the court declines to adopt the government's proposal. Among other reasons, the government has not convincingly shown a current need for the protection the government seeks. The court explained at length at the hearing on respondent's motion to proceed pro se that his pro se status does not entitle him to make frivolous filings and that doing so could result in revocation of his pro se status, among other consequences. The court has further admonished respondent herein that his filings must comply with the requirements of Rule 11 and has strongly encouraged him to consult with standby counsel to help ensure compliance. The court expects respondent to take these admonitions to heart. While respondent has currently pending pro se motions that the government deems frivolous, they predate court approval of his pro se status and the admonitions from the court regarding frivolous filings.

Moreover, if respondent's motions are as frivolous as the government anticipates, only brief response memoranda should be needed to refute them. To the extent that the analysis of purportedly frivolous motions does entail a meaningful burden, it is difficult to see why that burden should fall in the initial instance on the court, as the government proposes. Such burden shifting would represent a deviation from the adversary process. It would be particularly inappropriate here because it is the government that brought this litigation. The government cannot reasonably be expected to be shielded from having to respond fully to motions by a party it has sued and is attempting to have civilly committed for a potentially indefinite period.

Lastly, the court has available to it means other than the government's proposed procedure to address frivolous filings by respondent or any party in any case for that matter. As noted, such measures include, as to the respondent here, revocation of his pro se status.

The court's rejection of the government's proposal signifies that if the government fails to file a memorandum pursuant to Local Civil Rule 7.2(a) in response to a motion by respondent that it deems frivolous (or otherwise underserving of a response), the court may infer from the absence of a response memorandum that the government does not oppose any relief sought in the motion and/or the grounds for such relief.[5] To avoid unnecessary delay, in the event the government decides not to file a memorandum in response to a motion by respondent, it shall file a notice to that effect as soon as practicable after the decision is made.

## CONCLUSION

For the reasons and on the terms set out above, respondent's pro se motion (D.E. 21) and supplemental motion (D.E. 26) to proceed without representation are ALLOWED.

IT IS FURTHER ORDERED that because respondent's pro se motion to consolidate cases (D.E. 27) and pro se motion for change of venue (D.E. 30) were improperly filed while respondent was represented by counsel, they are DENIED WITHOUT PREJUDICE to his right to refile them after he has had the opportunity to confer with standby counsel regarding them, including their compliance with Fed. R. Civ. P. 11, as recommended herein.

SO ORDERED, this 1st day of March 2016.

_____
James E. Gates
United States Magistrate Judge

---

[5] Respondent is, of course, subject to the same principle. If he fails to file a memorandum in response to a motion by the government, the court may infer that respondent does not oppose any relief sought in the motion and/or the grounds from such relief.

7