IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-HC-2292-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDGAR JOE SEARCY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the following motions and petitions filed by respondent: 1) to treat proposed pretrial order as habeas petition (DE 129); (2) for writ of habeas corpus under the All Writs Act (DE 135); 3) to consolidate petition for a writ of habeas corpus with <u>Timms v. Mansukhant</u>, 5:08-HC-2156-BO (E.D.N.C.) (DE 136); 4) for order to provide copy of yearly review to defense counsel pro se (DE 137); 5) to appoint expert witness (DE 158); 6) for sanctions (DE 166); 7) to treat accompanying motion for sanctions as a motion for a <u>Daubert</u> analysis (DE 167); and 8) for release (DE 173).[1] Petitioner filed responses in opposition to the majority of the foregoing motions, and filed motion to dismiss respondent's petition for writ of habeas corpus under the All Writs Act (DE 144). In this posture, the issues raised are ripe for decision.

**BACKGROUND**

On December 4, 2015, the government filed certification, pursuant to 18 U.S.C. § 4248, seeking to have respondent committed to the custody of the Attorney General as a sexually

---

[1] Petitioner also recently filed motions to compel disclosure (DE 172) and for order of default (DE 174). As set forth in further detail below, the court will order additional briefing on these motions before resolving them.

dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 ("the Adam Walsh Act"), Pub. L. No. 109-248, § 302, 120 Stat. 587, 619-22 (codified in 18 U.S.C. §§ 4241, 4247, and 4248). On March 2, 2016, the court granted respondent's motion to proceed pro se and appointed standby counsel. Following a hearing, on June 16, 2016, the court entered order determining that respondent is a sexually dangerous person under the Adam Walsh Act and directing that respondent be committed to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4248 until such time that he is no longer a sexually dangerous person. On January 18, 2018, the United States Court of Appeals for the Fourth Circuit affirmed respondent's commitment.

Following the Fourth Circuit's decision, respondent, proceeding pro se, began filing numerous motions and other miscellaneous pleadings. In addition to the instant motions and petitions (discussed below), respondent filed motions to appoint new standby counsel and to appoint guardian ad litem. On February 23, 2018, the court referred such motions to Magistrate Judge James E. Gates pursuant to Standing Order 13-SO-02. The magistrate judge held hearing on petitioner's motion to appoint new standby counsel on April 19, 2018. That same day, the magistrate judge granted petitioner's motion to appoint new standby counsel, and directed the Office of the Federal Public Defender to appoint such counsel. Petitioner's new standby counsel entered notice of appearance on April 24, 2018. Thereafter, the magistrate judge denied petitioner's motion to appoint guardian ad litem.

## DISCUSSION

A.     Habeas Corpus Petition

As noted, petitioner has filed motion to treat his proposed pretrial order as a habeas petition, petition for writ of habeas corpus under the All Writs Act, and motion to consolidate petition for a

writ of habeas corpus with Timms v. Mansukhant, 5:08-HC-2156-BO. Petitioner argues the court should dismiss the habeas petition without prejudice because respondent cannot file a habeas petition in this § 4248 proceeding. The court agrees with petitioner.

Respondent contends that under Timms v. Johns, 627 F.3d 525 (4th Cir. 2010), he must file his constitutional challenges to the Adam Walsh Act in the instant § 4248 proceeding. Timms holds that the district court should not resolve a petition for writ of habeas corpus by an Adam Walsh Act committee while the § 4248 commitment action is pending because the commitment action provides an adequate alterative remedy to challenge the commitment, which must be exhausted before filing a habeas petition. 627 F.3d at 532. Timms, however, only requires exhaustion of "adequate" and "available" alternative remedies before filing a habeas petition. See id. at 531.

Here, respondent has been committed, final judgment has been entered, and respondent's direct appeal of the commitment proceeding has been decided. After commitment and appellate review, a respondent does not have the same procedural opportunities – such as pre-hearing motions practice or appellate briefing – to assert constitutional or other legal challenges to the commitment. Section 4248 committees may assert post-commitment challenges to their detention by requesting discharge hearing pursuant to § 4247(h), and committees are subject to annual forensic reviews concerning their continued sexual dangerousness, but such hearings/forensic reviews are limited to the issue of whether the respondent continues to meet criteria for commitment under the Adam Walsh Act. See 18 U.S.C. § 4247(h); see also United States v. Maclaren, 866 F.3d 212, 216-17 (4th Cir. 2017). Thus, the § 4247(h) discharge hearing procedure and periodic forensic review of the commitment are not adequate alternative remedies for asserting constitutional, jurisdictional, or other purely legal challenges to the commitment. See Matherly v. Andrews, 817 F.3d 115, 118 (4th

3

Cir. 2016) (resolving merits of facial challenge to Adam Walsh Act in § 2241 proceeding after respondent was committed, despite availability of § 4247(h) hearing); Archuleta v. Hedrick, 365 F.3d 644, 648 (8th cir. 2004) (resolving the merits of constitutional challenge to 18 U.S.C. § 4243 in habeas proceeding despite availability of discharge hearing). Indeed, Congress presumably "left the habeas process open to Adam Walsh Act detainees as a separate way to challenge their detention" for precisely this reason – to allow committees to challenge their commitment on grounds that can no longer effectively be raised in the § 4248 proceeding. Maclaren, 866 F.3d at 217; see also 18 U.S.C. § 4247(g) ("Nothing contained in section . . . 4248 precludes a person who is committed under . . . [that] section[] from establishing by writ of habeas corpus the illegality of his detention.").[2]

Accordingly, to the extent respondent seeks habeas relief, he must request such relief by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, on the court's prescribed form for use in § 2241 habeas corpus proceedings. Respondent's petition for writ of habeas corpus pursuant to the All Writs Act, and motion to treat proposed pretrial order as a habeas petition are therefore dismissed without prejudice. A dismissal without prejudice means respondent can file a § 2241 petition, on the court's prescribed form, alleging similar grounds for relief. The court offers no opinion concerning the potential merits of respondent's claims. In light of the foregoing, respondent's motion to consolidate petition for writ of habeas corpus with Timms v. Mansukhant,

---

[2]The court also notes that if respondent's periodic reviews and the discharge hearing procedure provided adequate post-commitment remedies for filing constitutional challenges to the Adam Walsh Act, a § 4248 comittee effectively could never obtain direct habeas review of his or her detention because the challenge would have to be brought in the § 4248 proceeding. See Timms, 627 F.3d at 531-32 (requiring exhaustion of alternative remedies in § 4248 proceeding before filing habeas petition). That cannot be the result Congress intended when drafting § 4247(g). See Schlossberg v. Barney, 380 F.3d 174, 182 (4th Cir. 2004) (courts cannot "interpret one section of a statute in a way that would nullify the clearly worded language of other sections of the same statute.").

5:08-HC-2156-BO, and petitioner's motion to dismiss the habeas petition are denied as moot.

B.       Motion to Provide Copy of Annual Forensic Report

Respondent also filed motion requesting copy of his annual forensic evaluation, which is prepared annually by BOP mental health examiners and submitted to the court and parties pursuant to 18 U.S.C. § 4247(e). On April 19, 2018, respondent filed motion for appointment of expert witness, in which he represents he has received a copy of the report. The motion is therefore denied as moot to the extent it requests a copy of respondent's annual forensic report. The court notes the forensic report was initially served on standby counsel, but was later served on respondent after respondent stated he did not receive a copy. As respondent is proceeding pro se, petitioner should serve future reports by sending them directly to respondent.

Respondent's motion also seeks an order transferring him to a facility in Florida, pursuant to 18 U.S.C. § 4248(d). As has been repeatedly explained to respondent, BOP staff have requested that various facilities in Florida assume responsibility for respondent's custody and treatment, but the subject facilities have declined to accept respondent. Accordingly, respondent's motion is denied to the extent it seeks transfer to state facilities in Florida.

C.       Motion to Appoint Expert Witness

Respondent also seeks an order authorizing appointment of an expert witness to assist respondent with preparing a response to his annual forensic report. Assuming respondent seeks authorization to use Criminal Justice Act ("CJA") funds to hire an expert witness, petitioner must show how such services are "necessary for adequate representation." 18 U.S.C. § 3006A(e)(1). Respondent's conclusory assertions that he "is entitled to have an expert witness address the validity" of his annual forensic report are not sufficient. (Mot. to Appoint Expert Witness (DE

5

158)).

To the extent respondent believes he is entitled to hire an expert using CJA funds at this stage of the proceedings, respondent must file an ex parte motion for authorization of CJA funds that specifically explains why expert services are necessary. See 18 U.S.C. § 3006A(e)(1). Such motion must also identify the proposed expert witness, provide the proposed expert's qualifications to serve as an expert in this matter, and provide his or her hourly rate and estimated time expenditures, so the court can determine whether the request for CJA funds is reasonable, and obtain necessary approvals for any amounts over the statutory maximum.[3] See id. The instant motion does not contain the majority of the foregoing information. Accordingly, respondent's motion to appoint expert witness is denied without prejudice.

D.  Sanctions Motions

Respondent also has filed motion for sanctions and motion to treat sanctions motion as a motion for Daubert analysis. Respondent argues his May 24, 2017, annual forensic report – which recommends continued commitment – contains various errors, and thus the report should be "excluded" under Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993) and petitioner should be sanctioned for filing the report. To the extent respondent seeks to challenge the conclusions set forth in the report, he must do so by first requesting a discharge hearing pursuant to 18 U.S.C. § 4247(h).[4] In the event the court grants the motion for discharge hearing and petitioner moves to introduce the annual forensic report as evidence, respondent may assert Daubert or other

---

[3] As the logistics of contacting an expert may be somewhat challenging for respondent, he should rely on standby counsel as much as possible for purposes of contacting the expert and obtaining the information set forth above.

[4] After filing the motion for sanctions, respondent filed "motion for release" which the court construes as a motion for discharge hearing. As set forth below, the court will direct respondent to file revised motion for discharge, and thus will resolve such motion in a forthcoming order.
6

factual challenges to the report at that time. Respondent, however, cannot challenge either the annual forensic report or any previous reports by filing a "motion for Daubert analysis" before the court has scheduled a discharge hearing. The motion for Daubert analysis is therefore denied without prejudice.

Respondent also has not carried his burden to establish that Rule 11 sanctions are appropriate against petitioner's counsel.[5] See Fed. R. Civ. P. 11(c)(2). Accordingly, the motion for sanctions is DENIED.

E.     Remaining Motions

As noted, respondent has filed motions to compel, for release, and for order of default. Petitioner's motion for release appears to be a motion for discharge hearing, filed pursuant to 18 U.S.C. § 4247(h). A motion for discharge hearing must contain sufficient factual allegations to plausibly allege that respondent no longer meets criteria for commitment under the Adam Walsh Act. See Maclaren, 866 F.3d at 217-18. In addition to the "motion for release," respondent's various miscellaneous motions and other pleadings arguably request a discharge hearing and contain additional factual allegations that could support respondent's claim that he is entitled to such hearing. The court, however, will not review respondent's voluminous miscellaneous filings to determine whether the factual allegations contained therein state a claim for discharge under the principles set forth in Maclaren. Accordingly, respondent is directed to file one consolidated motion for discharge, which must contain all the factual allegations respondent intends to rely on in his motion for discharge hearing, and explain how such allegations establish that he no longer meets criteria for commitment. Maclaren, 866 F.3d at 217-18. Respondent's consolidated motion for

---

[5]To the extent respondent seeks sanctions against BOP officials, such officials are not parties to this case and thus cannot be sanctioned under Rule 11. Fed. R. Civ. P. 11(b), (c).

7

discharge hearing shall be filed within **21 days** of entry of this order. Petitioner's response to the motion for discharge hearing is due **21 days** after respondent files the motion, and respondent's reply is due **14 days** after petitioner files the response.

In light of the foregoing, respondent's motion for release is denied as moot. As noted, respondent also has filed motions to compel and for order of default. Petitioner is directed to respond to those motions within **21 days** of entry of this order.

## CONCLUSION

In sum, the court rules as follows:

1) Respondent's motion to treat proposed pretrial order as habeas petition (DE 129) and petition for writ of habeas corpus pursuant to the All Writs Act (DE 135) are DISMISSED without prejudice to file a § 2241 habeas petition. The clerk of court is DIRECTED to send respondent the court's form § 2241 petition. Petitioner's motion to dismiss the habeas petition (DE 144) and respondent's motion to consolidate petition for writ of habeas corpus with Timms v. Mansukhant, 5:08-HC-2156-BO (DE 136) are DENIED as moot;

2) Respondent's motion for order to provide copy of yearly review (DE 137) is DENIED as moot to the extent it seeks a copy of the annual forensic report, and is DENIED to the extent it seeks an order transferring respondent to a facility in Florida;

3) Respondent's motion to appoint expert witness (DE 158) is DENIED without prejudice to re-file, under the guidelines set forth above;

4) Respondent's motion for sanctions (DE 166) is DENIED;

5) Respondent's motion to treat accompanying motion for sanctions as a motion for Daubert analysis (DE 167) is DENIED without prejudice;

5) Respondent is DIRECTED to file one consolidated motion for discharge hearing within **21 days** of entry of this order, following the guidelines set forth above. Petitioner's response to the motion for discharge hearing is due **21 days** after respondent files the motion, and respondent's reply is due **14 days** after petitioner files the response;

6) Respondent's motion for release (DE 173) is DENIED as moot; and

7) Petitioner is DIRECTED to file responses to respondent's motions to compel (DE 172) and for order of default (DE 174) within **21 days** of entry of this order.

SO ORDERED, this the 6th day of September, 2018.

```
                                    _____
                                    LOUISE W. FLANAGAN
                                    United States District Judge
```